NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ORTIZ BECERRA, | No. 17-70859 |
| Petitioner, | Agency No. A078-103-644 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2020**
Submission Vacated March 16, 2021
Resubmitted April 29, 2021
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and PRESNELL,*** District Judge.

Carlos Ortiz Becerra, a native and citizen of Mexico, petitions for review of a

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Gregory A. Presnell, United States District Judge for the Middle District of Florida, sitting by designation.

reinstatement of removal order, and an immigration judge's negative reasonable fear determination. The petition is dismissed in part and denied in part.

1.    Ortiz Becerra argues that the reinstatement order is invalid because the government hasn't established the existence of a prior removal order. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (citing 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8) (reinstatement of removal requires there to be a prior removal order in the first place). Ortiz Becerra's argument relies on the fact that he never signed the prior removal order as required by 8 C.F.R. § 235.3(b)(2)(i). But we do not have jurisdiction to consider this claim. *See Alvarado-Herrera v. Garland*, No. 18-70191, 2021 U.S. App. LEXIS 10492, at *14 (9th Cir. Apr. 13, 2021) (8 U.S.C. § 1252 limits collateral attacks on the validity of an expedited removal order being reinstated to a few "narrow issues" that "must be raised in habeas corpus proceedings"). Ortiz Becerra's arguments do not implicate these exceptions, and this is not a habeas corpus proceeding. Therefore, we dismiss this portion of Ortiz Becerra's petition for lack of jurisdiction.

2.    We do not find any basis for suppressing Ortiz Becerra's statements to Immigration and Customs Enforcement officials based on alleged regulatory violations. First, officers did not violate 8 C.F.R. § 287.8(c)(2)(iii), which requires an officer to "[i]dentify himself or herself as an immigration officer." The regulation is temporally limited, only imposing a duty on officers "at the time of the arrest."

2

*See Torres v. Barr*, 976 F.3d 918, 926 (9th Cir. 2020) (en banc) (the statutory phrase "at the time" imposes a "temporal requirement" on the action at issue). Accordingly, ICE officers did not need to identify themselves when they first made contact with Ortiz Becerra or his daughter because, at that time, they were merely conducting a knock-and-talk while looking for someone else.

Nor is Ortiz Becerra entitled to any relief for the alleged violation of 8 C.F.R. § 287.3(a), which requires an alien "be examined by an officer other than the arresting officer." Even assuming this regulation was violated, there is nothing to suppress: Ortiz Becerra did not make any statement during the examination that was used against him. Instead, he repeated the same statements he had already uttered to the officers who conducted the knock-and-talk at his house. *See Sanchez v. Sessions*, 904 F.3d 643, 649, 653 n.12 (9th Cir. 2018) (prejudice is required and the fruit-of-the-poisonous-tree doctrine does not work backwards).

3. We also reject Ortiz Becerra's argument that he is entitled to suppression of the statements he made to officers at his house. There was no Fourth Amendment violation—let alone an egregious one, as is required to apply the exclusionary rule in civil immigration proceedings. *Sanchez*, 904 F.3d at 649; *Orhorhaghe v. INS*, 38 F.3d 488, 493 (9th Cir. 1994). Officers arrived at Ortiz Becerra's home with a search warrant for someone else who they thought would be at that location. Ortiz Becerra's adult daughter consented to them entering the home.

*See Lopez-Rodriguez v.* Mukasey, 536 F.3d 1012, 1018 (9th Cir. 2008) ("the voluntary consent of a party who has authority over the premises renders the warrantless entry of a person's home by law enforcement personnel constitutionally valid.").

Nor is there any reason to think that the officers were engaged in a "ruse." Ortiz Becerra argues that officers deliberately misrepresented the nature of their investigation by identifying themselves as "police" rather than as ICE agents. But immigration agents *are* police. *See Police*, New Oxford American Dictionary (3d ed. 2010) ("an organization engaged in the enforcement of official regulations in a specified domain" such as "transit police"). Even if ICE agents are not technically viewed as "police" under certain jurisdictions' laws, as amici[1] point out, describing themselves as "police" is not a deliberate misrepresentation given the everyday meaning of that term. And in any event, the officers were wearing visible ICE badges, which would have identified them as *immigration* police specifically.

Ortiz Becerra also claims that his daughter remembers that officers told her a different name than the name identified in the arrest reports as the subject of ICE's warrant. Based on this claim alone, we find no basis to conclude that ICE engaged in an impermissible ruse. *Cf. United States v. Bosse*, 898 F.2d 113, 115 (9th Cir.

---

[1] The ACLU of Southern California and the University of California, Irvine Immigrant Rights Clinic's motion for leave to file a brief as amici curiae is **GRANTED**.

1990) (court found impermissible ruse entry when officer pretended to be state licensing officer conducting routine inspection).

4. For the reasons explained in *Alvarado-Herrera*, we reject Ortiz Becerra's claim that the use of reasonable fear screenings violates the Fifth Amendment's Due Process Clause, 8 U.S.C. § 1231(a)(5), and § 2242 of the Foreign Affairs Reform and Restructuring Act. 2021 U.S. App. LEXIS 10492, at \*15–24.

5. Substantial evidence supports the IJ's conclusion that Ortiz Becerra has not shown a reasonable possibility of persecution because of a protected ground. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Ortiz Becerra relies entirely on the 1998 murder of his cousin and threatening phone calls to his home as evidence of persecution. But the IJ found that the murder of his cousin was random gang violence. Nothing in the record casts this conclusion into doubt. Similarly, the IJ permissibly concluded that the threats called in to his home in 1998 did not rise to the level of persecution. *See, e.g., Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) ("most threats do not rise to the level of persecution"). Nothing in Ortiz Becerra's testimony suggests that these threats were targeting him specifically. In fact, he told the asylum officer that the callers "never mentioned [his] name" but simply asked to speak with "the man of the house." Accordingly, substantial evidence supports the IJ's negative reasonable fear determination.

For the foregoing reasons, we **DISMISS** in part, and **DENY** in part Ortiz Becerra's petition.